## A. O. Yancy v. The State.

### No. 8213. Decided January 16, 1924.

**1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence was sufficient to sustain the conviction, there is no reversible error.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence was direct there was no error in refusing a charge on circumstantial evidence.

Appeal from the District Court of Hall. Tried below before the Honorable J. V. Leak.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, Presiding, Judge.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year and eight months.

A still in the operation of making whisky was discovered by officers in a canyon about three hundred yards distant from the dwelling-house of the appellant. The officers, after ascertaining the location of the still, hid and watched it for a time, and finally arrested the appellant and a negro named Shorty Simmons. At the immediate time of the arrest, Simmons was at the still and the appellant was a few feet distant from it, going in the direction of a creek with a water bucket in his hand. The appellant fled upon ob-

serving the officers. There was also testimony that the officers saw the appellant carrying wood towards the still. Simmons testified that he had been doing farm work for the appellant for about three weeks prior to his arrest; that on the day of the arrest, he hitched a pair of mules to a sled upon which an iron barrel was placed; that one Gribble and the appellant hauled the barrel to the canyon. The iron barrel contained mash which the appellant had taken out of a wooden barrel at his house. The iron barrel was used for cooking the mash. Appellant carried a water bucket to the still and then came back to the house and got some fruit jars. He also carried some wood to the still and told the witness to do likewise. When the witness reached the still, whisky was running out of it. Appellant brought some water from the creek and put it in one of the barrels. Gribble had left the still a few moments before the officers arrived. The witness said that he had no interest in the whisky; that he was paid one dollar per day to do farm work for the appellant.

Appellant's testimony was to the effect that the still belonged to Gribble, and that he had no interest in it and took no part in making the whisky; that at the time of his arrest he had gone for water for use of his dwelling. He said that he knew of the locality of the still and that he fled to divert the officers from making an arrest upon Gribble.

The only complaint of the procedure is that attacking the charge because of the failure to instruct on the law of circumstantial evidence. There was no error in refusing such an instruction.

The record revealing no error, the judgment is affirmed.

*Affirmed.*